UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X   Case No. 1-13-40725-cec
In Re:                                                                                Chapter 7

REINA MERCADO,                                              **ALLEGED DEBTOR'S REBUTTAL TO PETITIONER'S REPLY TO ALLEGED DEBTOR'S MOTION TO DISMISS**

                                               Return Date:  July 16, 2013
                        Debtor.                                  2:00 PM
----------------------------------------------------------X

      WILLIAM H. SALGADO, an attorney at law duly admitted to practice in the Eastern District, affirms the following:

      1. Affirmant is the attorney for the alleged debtor.

      2. This affirmation submitted in rebuttal to the Reply to Motion to Vacate Order of Relief and Reply to Motion to Dismiss Involuntary Petition dated July 9, 2013.

      3. Contrary to petitioner's counsel's assertion at paragraph that commences at the bottom of the second page of the reply, the Supreme Court action designated with Index No. 12726/2011 *was dismissed* on December 3, 2012. Exhibit B to the Alleged Debtor's Motion to Dismiss, a printout from the Supreme Court Clerk's minutes, shows an entry dated December 3, 2012 with a marking "DNAES," which means "dismissed non appearance either side."

      4. The order dated December 21, 2012, attached as Exhibit 2 to the petitioner's reply was entered *after* the case was dismissed. As such, it is a nullity. Affirmant's letter to petitioner's then attorney, to that effect, is attached hereto as <u>Exhibit A</u>.

      5. The said action remains dismissed, a motion to restore was never made, and no judgment was ever entered in that action. It is dismissed.

      6. The said order does not in any manner reflect the Alleged Debtor's willingness to

comply with her obligations as a litigant. In fact the alleged Debtor had produced all the documents requested, however, there was an argument amongst counsel as to the propriety of arguing discovery issues in the same motion where the court was being asked to recuse itself from the case.

7. As noted, that issue is now moot as the matter has been dismissed and no judgment has ever been entered in that action.

8. That action was an action where the petitioner sought to litigate the alleged "claim" raised in the petition in this proceeding. The complaint in that case is attached as <u>Exhibit I</u> to the Alleged Debtor's motion to dismiss. The Alleged Debtor presented an answer with counter claims, <u>Exhibit J</u> to the Alleged Debtor's motion to dismiss. Alleged Debtor's counterclaims as set forth in the referenced answer outweigh the alleged "claim" set forth in the petition, the counterclaims totaling $201,333.00.

9. Rather than seeking to refile in state court, or to try to restore the dismissed action in Supreme Court, the petitioner has improperly elected to bring a state court issue into Federal Court through this involuntary Chapter 7 petition.

10. From another perspective, it is submitted that the petition in this case is insufficient for this court to grant the relief sought therein. A petition by fewer than three creditors must be supplemented by an additional allegation. This allegation is made on a separate page inserted following page 1 of the printed form. *Collier on Bankruptcy*, 15.01[6]. The petitioner has failed to provide that additional allegation.

11. Contrary to petitioner's counsel's assertion at the bottom of the third page of petitioner's reply under the hearing of "Meritorious Defense," the issue of whether liability is "contingent" or subject to a "bona fide" dispute is not clear cut.

12. Because of the petitioner's failure to pay the first mortgage, as had been the

practice for three and a half years, but rather having appropriated the received rental payments for her personal use, and thereby placing the property at risk of foreclosure, it is most certainly not clear that the issue of liability is not contingent on petitioner's proof of compliance the practice that had become established between the parties. Moreover, the alleged "claim" is most certainly the subject of a bona fide dispute between the parties, precisely because the petitioner had failed to pay the first mortgage, was appropriating rental payments for her personal use, and apparently had no intention of making any mortgage payments whatsoever. Consequently, under either the "contingency" or "bona fide dispute" analysis, the petitioner does not qualify for filing an involuntary Chapter 7 petition, and the petitioner should be dismissed for lacking any merit.

13. Affirmant has searched affirmant's files and has determined that the initial fax to affirmant's office was on February 13, 2013. However, because this office was not representing the Alleged Debtor in any bankruptcy proceeding, it was inadvertently set aside and not acted upon. A copy of the fax sent to affirmant's office is attached as <u>Exhibit B</u>.

14. Thus affirmant can corroborate that the Alleged Debtor did attempt to secure counsel at an early date, but affirmant's office did not provide the Alleged Debtor with an appointment until *after* the answer period had expired.

15. Thus, it is respectfully submitted that the Alleged Debtor did not deliberately ignore her obligations as a litigant.

16. The petitioner cites *Am Alliance Inc. Co. V. Eagle Ins. Co.,* 92 F3d 57 (2d Cir. (1996 ) setting forth the requirements to vacate a default under FRCP 60(b). As has been set forth , the default was not wilful, and the Alleged Debtor has a meritorious defense. The petitioner's counsel essentially admits that there is no prejudice to the petitioner. The only "prejudice," if any, is that the petitioner is no longer able to simply pocket the funds from the property rentals, and

unjustly enrich herself by failing to pay the first mortgage, to the detriment of the Alleged Debtor. As noted, this is a dispute between property owners that should be in state court and that the petitioner has improperly brought before this court.

17. Considering the fact that there are issues as to whether the Alleged Debtor is liable to the petitioner for alleged "claim" raised in the petition, that the Alleged Debtor is solvent, and that the failure to timely answer the petition did not stem from any deliberate disregard by the Alleged Debtor of her obligations as a litigant, it is respectfully submitted that the Alleged debtor is entitled to the relief requested.

**WHEREFORE,** it is respectfully requested that this court grant an order:

a) vacating the order of relief dated March 11, 2013, pursuant to Fed. R. Bankr. P. 9024 and Rule 60 F.R.Civ.P.; and

b) dismissing the involuntary Chapter 7 petition filed against the alleged debtor pursuant to 11 U.S.C. 303(b)(1) on the ground that the alleged "claim" upon which the petitioner premises its filing is contingent as to liability and that the alleged "claim" is the subject of a bonafide dispute between the parties;

c) dismissing this petition on the ground that it was filed in bad faith and that such filing is the petitioner's improper effort to transfer to the bankruptcy court a controversy between the parties that was in litigation in state court, and should continue to be litigated in state court;

d) granting any such other and further relief as to this court may seem just and proper.

Dated:     July 15, 2013                                Respectfully submitted,

                                                        s/
                                                        **WILLIAM H. SALGADO**
                                                        Attorney for Alleged Debtor (WS8153)
                                                        37-06 82nd Street   Suite 310
                                                        Jackson Heights, NY 11372
                                                        (718) 458 0047



# WILLIAM H. SALGADO
### ATTORNEY AT LAW

37-06 82ND STREET, SUITE 310, JACKSON HEIGHTS, NY 11372   (718) 458 0047

January 24, 2013

Jon A. Lefkowitz, Esq.
1222 Avenue M  Suite 204
Brooklyn, NY 11230

          Re:    Tanya Khursanova v. Reina M. Mercado

Dear Mr. Lefkowitz:

      This will serve to confirm our recent telephone conversation.

      The clerk dismissed this action on December 3, 2012, due to a non appearance by either side at a compliance conference. A copy of a print out from the court clerk's minutes is attached.

      On December 21, 2012, no action was pending. The order rendered on that date, therefore, is a nullity.

      I have conveyed to Mr. Araujo and Ms. Mercado your suggestion that this matter be settled. We are scheduled to meet Saturday, December 26, 2013, to discuss settlement. I will communicate to your office their position as soon as possible.

                                      Very truly yours,

                                      Willam H. Salgado

# B

02/13/2013

de Reina Mercado

Para William. Salgado

Tel 718 288 9432

B5 (Official Form 5) (12/07)

FORM 5. INVOLUNTARY PETITION

| United States Bankruptcy Court<br>Eastern District of New York | | INVOLUNTARY PETITION |
|---|---|---|
| IN RE (Name of Debtor - If Individual: Last, First, Middle)<br>Mercado, Reina M | ALL OTHER NAMES used by debtor in the last 8 years<br>(Include married, maiden, and trade names.) | |
| Last four digits of Social-Security or other Individual's Tax-ID No./Complete EIN<br>(If more than one, state all.) | | |
| STREET ADDRESS OF DEBTOR (No. and street, city, state, and zip code)<br>1750 East 51st Street<br>Basement<br>Brooklyn, NY 11234 | MAILING ADDRESS OF DEBTOR (If different from street address) | |
| COUNTY OF RESIDENCE OR<br>PRINCIPAL PLACE OF BUSINESS<br>Kings | | |
| LOCATION OF PRINCIPAL ASSETS OF BUSINESS DEBTOR (If different from previously listed addresses) | | |

CHAPTER OF BANKRUPTCY CODE UNDER WHICH PETITION IS FILED
■ Chapter 7    ☐ Chapter 11

INFORMATION REGARDING DEBTOR (Check applicable boxes)

| Nature of Debts<br>(Check one box)<br>Petitioners believe:<br>☐ Debts are primarily consumer debts<br>■ Debts are primarily business debts | Type of Debtor<br>(Form of Organization)<br>■ Individual (Includes Joint Debtor)<br>☐ Corporation (Includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities,<br>check this box and state type of entity below.) | Nature of Business (Check one box)<br>☐ Health Care Business<br>☐ Single Asset Real Estate as defined in<br>11 U.S.C. § 101(51)(B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>■ Other |

| VENUE | FILING FEE (Check one box) |
|---|---|
| ■ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in the District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.<br>☐ A bankruptcy case concerning debtor's affiliate, general partner or partnership is pending in this District. | ■ Full Filing Fee attached<br>☐ Petitioner is a child support creditor or its representative, and the form specified in § 304(g) of the Bankruptcy Reform Act of 1994 is attached.<br>[If a child support creditor or its representative is a petitioner, and if the petitioner files the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.] |

PENDING BANKRUPTCY CASE FILED BY OR AGAINST ANY PARTNER
OR AFFILIATE OF THIS DEBTOR (Report information for any additional cases on attached sheets.)

| Name of Debtor | Case Number | Date |
|---|---|---|
| Relationship | District | Judge |

ALLEGATIONS
(Check applicable boxes)

COURT USE ONLY

1. ■ Petitioner(s) are eligible to file this petition pursuant to 11 U.S.C. § 303(b).
2. ■ The debtor is a person against whom an order for relief may be entered under title 11 of the United States Code.
3.a. ■ The debtor is generally not paying such debtor's debts as they become due, unless such debts are the subject of a bona fide dispute as to liability or amount;

or

3.b. ☐ Within 120 days preceding the filing of this petition, a custodian, other than a trustee, receiver, or agent appointed or authorized to take charge of less than substantially all of the property of the debtor for the purpose of enforcing a lien against such property, was appointed or took possession.

Name of Debtor: __Mercado, Reina M__

B5 (Official Form 5) (12/07) - Page 2                       Case No. _____

## TRANSFER OF CLAIM

☐ Check this box if there has been a transfer of any claim against the debtor by or to any petitioner. Attach all documents evidencing the transfer and any statements that are required under Bankruptcy Rule 1003(a).

## REQUEST FOR RELIEF

Petitioner(s) request that an order for relief be entered against the debtor under the chapter of title 11, United States Code, specified in this petition. If any petitioner is a foreign representative appointed in a foreign proceeding, a certified copy of the order of the court granting recognition is attached.

Petitioner(s) declare under penalty of perjury that the foregoing is true and correct according to the best of their knowledge, information, and belief.

| Petitioner | Attorney |
|---|---|
| X /s/ Tanya Khursanova<br>Signature of Petitioner or Representative (State title) | X /s/ Stuart I Davis _____ February 8, 2013<br>Signature of Attorney                        Date |
| Tanya Khursanova                February 8, 2013<br>Name of Petitioner              Date Signed | Stuart I Davis<br>Name of Attorney Firm (If any) |
| Name & Mailing Address of Individual Signing in Representative Capacity:<br>Tanya Khursanova<br>2063 Bragg Street<br>Brooklyn, NY 11229 | 1960 Williamsbridge Road<br>Bronx, NY 10461<br>Address<br>Telephone No.  718-319-1388 |
| X<br>Signature of Petitioner or Representative (State title) | X<br>Signature of Attorney                        Date |
| Name of Petitioner              Date Signed | Name of Attorney Firm (If any) |
| Name & Mailing Address of Individual Signing in Representative Capacity | Address<br>Telephone No. |
| X<br>Signature of Petitioner or Representative (State title) | X<br>Signature of Attorney                        Date |
| Name of Petitioner              Date Signed | Name of Attorney Firm (If any) |
| Name & Mailing Address of Individual Signing in Representative Capacity | Address<br>Telephone No. |

## PETITIONING CREDITORS

| Name and Address of Petitioner<br>Tanya Khursanova<br>2063 Bragg Street<br>Brooklyn, NY 11229 | Nature of Claim<br>Debtor failed to turnover rents as collected. | Amount of Claim<br>90,000.00 |
|---|---|---|
| Name and Address of Petitioner | Nature of Claim | Amount of Claim |
| Name and Address of Petitioner | Nature of Claim | Amount of Claim |

Note: If there are more than three petitioners, attach additional sheets with the statement under penalty of perjury, each petitioner's signature under the statement and the name of attorney and petitioning creditor information in the format above.

Total Amount of Petitioners' Claims
90,000.00

___0___ continuation sheets attached

Software Copyright (c) 1996-2013 CCH INCORPORATED - www.bestcase.com                                    Best Case Bankruptcy

# United States Bankruptcy Court

Eastern District Of New York
271-C Cadman Plaza East, Suite 1595
Brooklyn, NY 11201-1800

| | |
|---|---|
| IN RE: | CASE NO: 1-13-40725-jf |
| Reina M Mercado | |
| Social Security/Individual Taxpayer ID/Taxpayer ID/Employer ID No.: | CHAPTER: 7 |
| DEBTOR(s) | |

## SUMMONS TO DEBTOR IN INVOLUNTARY CASE

To the above named debtor:

A petition under title 11, United States Code was filed against you on February 8, 2013 in this bankruptcy court, requesting an order for relief under Chapter 7 of the Bankruptcy Code (title 11 of the United States Code).

YOU ARE SUMMONED and required to file with the clerk of the bankruptcy court a motion or answer to the petition within 21 days after the service of this summons. A copy of the petition can be viewed at the Court or on PACER (Public Access to Court Electronic Records).

**Address of Clerk:**   United States Bankruptcy Court
271-C Cadman Plaza East, Suite 1595
Brooklyn, NY 11201-1800

At the same time, you must also serve a copy of your motion or answer on petitioner's attorney.

**Name and Address of Petitioner's Attorney:**

Stuart I Davis
1960 Williamsbridge Road
Bronx, NY 10461

If you make a motion, your time to serve an answer is governed by Federal Rule of Bankruptcy Procedure 1011(c).

If you fail to respond to this summons, the order for relief will be entered.

Dated: February 11, 2013

For the Court, Robert A. Gavin, Jr., Clerk of Court

BLinvol [Involuntary summons 12/1/09]